UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEODOCIO RUBIO, SR., | Case No.: 1:13-cv-0199-LJO-JLT (PC) |
| Plaintiff, | ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| GENARO RAMIREZ, et al., | (Doc. 1) |
| Defendants. | |

Plaintiff Teodocio Rubio, Sr., ("Plaintiff") is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff seeks monetary and injunctive relief in his complaint against the following defendants (1) Genaro Ramirez, a deputy district attorney of San Diego County, California; (2) Peter Labahn, a commissioner of the California Board of Parole Hearings ("BPH"); (3) R. Kevorkian, a BPH deputy commissioner; (4) Timothy O'Hara, a BPH presiding commissioner, and (5) John Denvir, a BPH deputy commissioner (collectively "BPH"). Id. at 1-3, 16-17. As is required by 28 U.S.C. § 1915(e)(2)(B), the Court now screens the complaint.

For the reasons set forth below, the complaint is **DISMISSED** with leave to amend.

**I.   SCREENING REQUIREMENT**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds in forma pauperis if the court determines that the case "fails to state a claim on which relief may be granted" or is "frivolous." A claim is frivolous "when the facts alleged rise to the level of the

1

irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## II. PLEADING AND VENUE STANDARDS

### A. Federal Rule of Civil Procedure 8(a)

Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (*quoting* Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. In analyzing a pro se pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 1950.

### B. Venue in 42 U.S.C § 1983 Matters

Venue in 42 U.S.C. § 1983 actions are governed by 28 U.S.C. § 1391(b). *See* Williams v. Rodriguez, Case No. 1:09-CV-01882-LJO, 2012 WL 6085267 * 2 (E.D. Cal. 2012). In pertinent part, 28 U.S.C. § 1391(b) permits a matter to be brought in "(1) a judicial district where any defendant

1 resides, if all defendants reside in the same State [or] (2) a judicial district in which a substantial part
2 of the events or omissions giving rise to the claim occurred."

3 Plaintiff's complaint omits explicit facts to suggest that venue is proper before the Court.
4 However, given the facts Plaintiff has alleged, it is presumed that all Defendants reside in the State of
5 California.  It is also presumed that at the time of the October 2, 2012, BPH hearing, Plaintiff was
6 incarcerated at Corcoran State Prison in Kings County, California, which is located within the Court's
7 judicial district. 28 U.S.C § 84 (b). Finally, it is noted that the BPH is headquartered in Sacramento,
8 California, which is also situated within the Court's judicial district. Id.  Therefore, the Court finds
9 venue proper and screens the complaint.[1]

## III.   PLAINTIFF'S COMPLAINT

Plaintiff is a state prisoner incarcerated at Corcoran State Prison, located in Corcoran, California. (Doc. 1 at 1).  Plaintiff appears to be serving a life sentence, but may be eligible for parole. Id. at 12, ¶ 1.  Plaintiff sues all Defendants in their individual and official capacities. Id. at 4.  Plaintiff avers as follows:

On October 2, 2012, Defendants Labahn and Kevorkian presided over a BPH hearing in which the BPH addressed Plaintiff's eligibility for parole. *See generally*, Id. at 6, ¶ 1.  At the hearing, Defendant Ramirez testified: (1) that Plaintiff admitted to San Diego law enforcement officials that he committed murder in Mexico prior to his incarceration; (2) that Plaintiff attempted to murder an entire household on September 23, 1995, and (3) that Plaintiff had a general propensity towards violence. Id. at 6, 7 ¶¶ 1-4.  Defendant Ramirez employed the assistance of a "jailhouse snitch" to collect this evidence against Plaintiff. Id. at 13, ¶ 4.

Plaintiff avers that Defendant Ramirez's testimony was false. Id. at 7, ¶ 6.  The false testimony reduced the possibility that Plaintiff would be released on parole. Id. at 8, ¶ 9.  Defendants Labahn and Kevorkian considered the fact that Plaintiff was not actually convicted of murder or attempted murder

---

[1] Should Plaintiff elect to file an amended complaint, he **MUST** explicitly provide facts to indicate that venue is proper before the Court over the Defendants.

3

in Mexico. Id. at 8-9, ¶¶ 10. However, Defendants Labahn and Kevorkian still determined that Plaintiff remained a threat to society and found Plaintiff ineligible for parole.[2] Id.

In order to gain a possible favorable finding of parole eligibility, Defendants Labahn, Kevorkian, and Ramirez have indicated that Plaintiff would be required to admit that he attempted to murder his sister-in-law and other family members on September 23, 1995. Id. at 11 ¶¶ 3, 4. Defendants require Plaintiff to perjure himself. Id. at 11, ¶ 4. Plaintiff's refusal to perjure himself was the primary factor behind Defendants O'Hara's, Denvir's, and Ramirez's decision not to grant Plaintiff parole. Id. at 11, ¶ 3. As a result, Plaintiff may spend the rest of his life in prison. Id. at 14, ¶ 8.

## IV. DISCUSSION AND ANALYSIS.

### A. A plaintiff must demonstrate an actual constitutional deprivation to maintain an action under 42 U.S.C. § 1983.

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See* Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation of which the plaintiff complains. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

Here, Plaintiff does not demonstrated any actual constitutional deprivation or injury. Plaintiff indicates that had it not been for Defendant Ramirez's testimony, "Plaintiff's chances of being freed from the stigmatization resulting from imprisonment would be somewhat foreseeable." (Doc. 1 at 8, ¶ 9). Furthermore, Plaintiff alleges that Defendants Labahn, Kevorkian, and Ramirez would require him to commit perjury in order to gain a potential, favorable finding of parole eligibility. Id. at 10, 11 ¶¶ 3,

---

[2] Notably, Plaintiff does not allege any facts to support that Defendants Labahn or Kevorkian had any reason to know the testimony was false, that it was facially implausible or that anyone ever told them the testimony was false before they accepted and relied upon it.

4

4. Even when provided the most liberal construction, Plaintiff's allegations of damage are speculative and Plaintiff fails to plead an actual injury. Therefore, the complaint is **DISMISSED** for failure to state a cognizable claim.

### B. 42 U.S.C. § 1983 claims against employees in their official capacity violate the Eleventh Amendment.

Plaintiff brings suit against Defendants in their official and individual capacities. *See* (Doc. 1, at 2-4). However, naming an employee in his or her official capacity is "in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 165-166 (1985); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). The Eleventh Amendment provides immunity to any State in any type of lawsuit "... in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Will, 491 U.S. at 71. Thus, the complaint is **DISMISSED** as to any defendant named in his or her official capacity under 42 U.S.C. § 1983 for failure to state a cognizable claim.

### C. Parole board members are entitled absolute immunity when performing quasi-judicial functions.

In the Ninth Circuit, "parole board members are entitled to absolute immunity when they perform quasi-judicial functions." Swift v. California, 384 F.3d 1184, 1189 (9th Cir. 2004)(citations and internal quotations omitted). Quasi-judicial functions or those which are "functionally comparable to tasks performed by judges" exist where parole board members adjudicate whether "to grant, deny, or revoke parole." Swift, 384 F.3d at 1189; *see also* Sellars v. Procunier, 641 F.2d 1295, 1303 (9th Cir. 1981). A parole officer's absolute immunity extends to matters which are directly or "integrally related to an official's decision to grant or revoke parole," but do not extend to those matters where a parole officer performs investigative or administrative matters. Swift, 384 F.3d at 1189-1190. This rule ensures that adjudicators are not required to anticipate lawsuits from every dissatisfied parole applicant. Sellars, 641 F.2d at 1303.

Here, Plaintiff seeks to hold Defendants Labahn and Kevorkian, both BPH commissioners, liable for considering the evidence presented by Defendant Ramirez at the October 2, 2012, hearing, and for requesting that he "admit" to certain evidence. *See* (Doc. 1 at 7-9, 12-14).  In addition, he seemingly asserts a claim against Defendants O'Hara and Denvir, also BPH commissioners, for the basis of their decision to deny Plaintiff parole. Id. at 11, ¶ 3.  The consideration of evidence and adjudication of decisions are integral aspects of parole board member's quasi-judicial function.  As parole board officials are entitled to absolute immunity when rendering parole decision, Sellers, 641 F.2d at 1302, Plaintiff fails to state a cognizable claim.  Therefore, the complaint is **DISMISSED**.

### D. State prosecutors are entitled to absolute immunity when performing their official prosecutorial duties.

The United States Supreme Court has unequivocally determined that state prosecutors are absolutely immune from liability under 42 U.S.C. § 1983 where a prosecutor conducts activities that are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 424-430 (1976).  Were a prosecutor subject to liability under 42 U.S.C. § 1983, such a threat would undermine the prosecutor's ability to perform his or her duties in enforcing criminal law. Imbler, 409 U.S. at 424-425.  Taking this rationale a step further, the Ninth Circuit extends absolute immunity to California state prosecutors who participate in parole hearings. Brown v. California Dep't of Cor., 554 F.3d 747, 751 (9th Cir. 2009).  In fact, California state statute, 15 CAL.Code Regs. § 2030 *et seq,* explicitly sets forth a state prosecutor's role in a parole hearings. Brown v. California Dep't of Cor., 554 F.3d 747, 751 (9th Cir. 2009).  California statute permits prosecutors to expound upon the facts of a case and opine as to the appropriate disposition of a matter before a parole board. 15 CAL. Code Regs. § 2030(d)(2); Brown, 554 F.3d at 751.

Here, Plaintiff asserts a claim against Defendant Ramirez, a state prosecutor, for testifying as to the facts of Plaintiff's case during the parole hearing. (Doc. 1 at 6, 7 ¶¶ 1-4).[3]  Plaintiff does not allege any facts that indicate Defendant Ramirez acted outside the scope of his prosecutorial function that would permit Plaintiff to proceed on a cognizable claim against him. *See generally*, (Doc. 1).

---

[3] The veracity of Defendant Ramirez's testimony need not be addressed as Defendant Ramirez is absolutely immune from liability under 42 U.S.C. § 1983.

Thus, Plaintiff's claims against Defendant Ramirez are barred by the doctrine of absolute immunity. Therefore, the complaint is **DISMISSED** with prejudice.

### E. A "liberty interest" may be created in parole where an inmate first demonstrates that he meets the qualifications of the California parole statute.

In Claim I, Plaintiff asserts a Fourteenth Amendment procedural due process claim against Defendants Ramirez, Labahn, and Kevorkian[4] for the handling of his parole application. (Doc. 1 at 6-9). The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). A plaintiff alleging a procedural due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then demonstrate that the procedures attendant upon the deprivation were not constitutionally sufficient. Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989); *See also* McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002). A protected liberty interest may arise under the Due Process Clause itself or under a state statute or regulation. Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005).

A state may create a liberty interest in parole where that language of the state statute creates an "expectation of parole." Senteno v. California, 705 F. Supp. 2d 1175, 1189 (E.D. Cal. 2009), *citing* Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7, 11-14 (1979). The Ninth Circuit has held that the language of the California's parole statute, Cal. Pen. Code § 3041(b), creates a constitutionally protected "liberty interest" which demands the application of procedural due process in the course of determining an inmate's suitability for parole. Senteno v. California, 705 F. Supp. 2d 1175, 1190 (E.D. Cal. 2009). However, this state created "liberty interest" is a limited in scope to an inmate being entitled to receive parole *only after* the California statutory standards for parole have been met. Swarthout v. Cooke, 131 S. Ct. 859, 862-63 (2011).[5]

---

[4] As noted above, all Defendants are entitled to absolute immunity. Nevertheless, the Court addresses the substantive allegations contained in the complaint.

[5] It is noted that the majority of cases addressing an inmate's deprivation of procedural due process claim for determination of parole ineligibility are brought under the guise of the federal habeas corpus statute. *See e.g.*, Swarthout, 131 S.Ct. 859. However, Plaintiff may challenge state parole procedures as a violation of procedural due process under 42 U.S.C. § 1983. *See e.g.,* Wilkinson v. Dotson, 544 U.S. 74 (2005).

In the context of parole, adequate due process occurs in California where an inmate "is allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Swarthout, 131 S.Ct. at 862 (*citing* Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979)). "The Constitution ... does not require more." Swarthout, 131 S.Ct. at 862.

In his claim for violation of procedural due process, it is axiomatic that Plaintiff first allege that he qualified for the California statutory standards for parole suitability. Rather, Plaintiff indicates that he is serving a life sentence and Defendants' actions merely made the possibility of parole less probable. This speculative deprivation does not arise to a constitutional liberty interest. Therefore, Plaintiff fails to state a cognizable claim in Claim I and the claim is **DISMISSED.**

### F. Defendants have not engaged in any unconstitutional compulsion in violation of the Fifth Amendment.

Under the Fifth Amendment of the United States Constitution, a witness cannot be compelled to testify against himself in a criminal proceeding. U.S. CONST. amend. V; Minnesota v. Murphy, 465 U.S. 420, 426 (1984). The prohibition against self-incrimination also applies to "any other proceeding, civil or criminal, formal or informal, where the answers [to interrogations] might incriminate [a party] in further criminal proceedings." Murphy, 465 at 426. To prove a Fifth Amendment violation, a plaintiff must establish that (1) the elicited testimony carried a threat of incrimination, and (2) the penalty suffered was essentially compulsion. U.S. v. Antelope, 395 F.3d 1128, 1134 (9th Cir. 2005). A "real and appreciable" risk of incrimination may exist where a party must reveal the entirety of his or her past crimes as part of a court-mandated treatment program and such revelations could land in the "hands of prosecutors." *See* Antelope, 395 F.3d at 1135.

The second element of the Fifth Amendment test analyzes "whether the government has sought to impose substantial penalties because a witness elects to exercise his Fifth Amendment right not to give incriminating testimony against himself." Antelope, 395 F.3d at 1135. In determining which penalties amount to unconstitutional compulsion, "[c]ourts must decide whether the consequences of an inmate's choice to remain silent are closer to the physical torture against which the Constitution clearly protects or the *de minimis* harms against which it does not." McKune v. Lile, 536 U.S. 24, 26

(2002)(participation in a therapy program that required full disclosure of sexual history while offering inmates minimal incentives to participate did not amount to compelled self-compelled incrimination).

In the instant case, Plaintiff indicates that Defendants requested that he admit that he committed prior crimes in Mexico, which, under Antelope, would most certainly qualify as revelations that could subject Plaintiff to future prosecution. However, Plaintiff avers that Defendants require him to perjure himself "in exchange for a possible favorable decision" of parole. As Plaintiff is already serving a life sentence and parole is only a *possibility*, the "harm" which Plaintiff alleges is minimal and therefore unprotected by the Constitution. Thus, Claim II is **DISMISSED** for failure to state a cognizable claim.

### G. 42 U.S.C. § 1983 is not the proper avenue for Plaintiff's Eighth Amendment Claim.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). However, "[s]uits challenging the validity of [a] prisoner's continued incarceration lie within "the heart of habeas corpus," whereas a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."[6] Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003)(*quoting* Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973). In Claim III, Plaintiff avers that Defendants subjected him to cruel and unusual punishment when they denied him parole and required him to continue to serve a presumptively valid life sentence. As Plaintiff challenges his continued incarceration, he fails to state a cognizable claim under 42 U.S.C. § 1983 action. Therefore, Claim III is **DISMISSED**.

## V. LEAVE TO AMEND

The Court will provide Plaintiff a <u>final</u> opportunity to amend his pleading to cure the deficiencies noted in this order. *See* Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro

---

[6] An exception to this rule exists where a prisoner alleges that the state deprives a state-created liberty interest in an "unexpected manner" or imposes an "atypical and significant hardship in relation to the ordinary incidents of prison life." Ramirez, 334 F.3d at 860. This exception is presently inapplicable.

se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his amended complaint, **Plaintiff must address the deficiencies noted here. Plaintiff is advised that his failure to do so will result in an order dismissing this action.**

In addition, Plaintiff is cautioned that in his amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files his amended complaint, his original pleadings are superseded and no longer serve any function in the case. *See* Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## ORDER

Accordingly, and for the above state reasons, the Court **HEREBY ORDERS** that:

1. Plaintiff's complaint is (Doc. 1) is **DISMISSED** with leave to amend;
2. Plaintiff is granted 21 days from the date of service of this order to file an amended complaint that addresses the deficiencies set forth in this order. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint";
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and
4. **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated:  **April 19, 2013**          **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE