# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEODOCIO RUBIO, SR, <br><br> Plaintiff, <br><br> v. <br><br> RAMIREZ, et al., <br><br> Defendants. | Case No. 1:13-cv-00199-LJO-JLT (PC) <br><br> ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE <br><br> (Doc. 18) |

Plaintiff, Teodocio Rubio, Sr., is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Complaint was screened and dismissed with leave to amend. (Doc. 7.) Plaintiff requested and received an extension of time to file a first amended complaint, with which he complied on June 19, 2013. (Docs. 8, 9, 10.)

On July 2, 2013, the Magistrate Judge issued a Findings and Recommendation to dismiss the First Amended Complaint without leave to amend based on Plaintiff's failure to state a cognizable claim. (Doc. 13.) This was served on Plaintiff and contained notice that objections to the Findings and Recommendations were to be filed within fourteen days. (*Id.*) Plaintiff requested and received a 60 day extension of time to file objections. (Docs. 14, 15.) More than 30 days passed after the expiration of the 60-day extension without Plaintiff filing objections. An

Order Adopting the Findings and Recommendations issued on November 7, 2013, judgment was entered, and the action was closed. (Docs. 16, 17.) Two weeks later, Plaintiff filed a request for judicial notice. (Doc. 18.) In this request, Plaintiff seeks judicial notice be taken that he was attempting to secure legal representation in this case, and understanding that had been achieved, believed legal counsel would handle all further action in this case. (*Id.*)

The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). Plaintiff's assertion that he had obtained counsel is not a fact which can be judicially noticed. Further, since this action is closed, judicially noticing a fact would be of no affect. If Plaintiff had an enforceable agreement, his recourse is with legal counsel.

Accordingly, it is HEREBY ORDERED that Plaintiff's request for judicial notice, filed November 22, 2013 (Doc. 18), is **DENIED**.

IT IS SO ORDERED.

Dated:   **November 26, 2013**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE